# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LOLINA PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:10-cv-02858-SHM-dkv |
| | ) |
| GMAC MORTGAGE, LLC; AURORA LOAN SERVICES LLC; and GENWORTH MORTGAGE INSURANCE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation dated August 15, 2016 (the "Report"). (ECF No. 53.) The Report recommends that the Court grant the Motion for Judgment on the Pleadings pursuant to Rule 12(c) (the "Rule 12(c) Motion") filed by Defendant Aurora Loan Services LLC ("Aurora") on July 1, 2016 (ECF No. 52) and that Plaintiff Lolina Porter's complaint against Aurora be dismissed.

Porter did not respond to or otherwise oppose Aurora's Rule 12(c) Motion. After the Report was entered, on August 31, 2016, Porter filed a document entitled, "Plaintiff's Petition for Rehearing and Motion to Object Proposed Findings and Recommendations and Motion to Deny Defendant's Motion for

Judgment on the Pleadings and Motion to Order Defendant to Relinquish the Subject Property to Plaintiff Free and Clear and Motion to Order Defendant Aurora Loan Services to Pay the Delinquent HOA Fees" (the "August 31 Filing"). (ECF No. 54.) Aurora has not responded to Porter's August 31 Filing. On September 8, 2016, the Magistrate Judge entered an order denying Porter's August 31 Filing to the extent it serves as a petition for rehearing, but making no determination to the extent it serves as objections to the Report. (ECF No. 55.)

For the following reasons, the Report is ADOPTED and the Rule 12(c) Motion is GRANTED.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a *de novo* or any other standard -- those aspects

2

of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151. Arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate for consideration are deemed waived. See, e.g., Becker v. Clermont Cty. Prosecutor, 450 F. App'x 438, 439 (6th Cir. 2011); The Glidden Co. v. Kinsella, 386 F. App'x 535, 544 (6th Cir. 2010); Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000).[1]

In the Report, the Magistrate Judge found that the "only claims remaining against Aurora are for 'deceptive practices,' infliction of emotional distress, and 'slander of title/slander of credit,' all of which Aurora seeks to dismiss in the [Rule 12(c) Motion]." (ECF No. 53 at 2-3.) The Magistrate Judge

---

[1] A district court may raise the waiver issue *sua sponte*. Numerous district courts in this circuit have done so where (1) no response was filed to a party's objection to the report and recommendation; or (2) a response was filed, but did not argue waiver. See, e.g., Tighe v. Berghuis, No. 1:12-CV-1314, 2016 WL 5537287, at *3 (W.D. Mich. Sept. 30, 2016) (no response to objection); Lewis v. Spitters, No. 1:14-CV-917, 2015 WL 5682405, at *2 (W.D. Mich. Sept. 18, 2015) (response did not argue waiver); Briggs v. Miles, No. 1:13-CV-228, 2015 WL 1120132, at *2 (W.D. Mich. Mar. 12, 2015) (no response to various objections); Bauman v. City of Cleveland, No. 1:04-CV-1757, 2015 WL 893285, at *8 (N.D. Ohio Mar. 3, 2015) (response did not argue waiver); Enyart v. Coleman, 29 F. Supp. 3d 1059, 1070 (N.D. Ohio 2014) (response did not argue waiver).

noted that Porter had not responded to the Rule 12(c) Motion and that, at the time of the Report's entry, the time for Porter to file a response to the Rule 12(c) Motion had passed. (Id. at 1.) After addressing the merits, the Magistrate Judge "recommended that Aurora's [Rule 12(c) Motion] be granted in full, and that Porter's claims against Aurora be dismissed for failure to state a claim upon which relief can be granted." (Id. at 9.)

In her August 31 Filing, Porter does not deny that she was served with Aurora's Rule 12(c) Motion or that she had adequate time to respond before the Magistrate Judge entered the Report. Porter offers reasons why she failed to timely respond to past motions or discovery requests, but she offers no reason for her failure in this instance. (ECF No. 54 at 3-4.) Because the arguments Porter raises in her August 31 Filing were not first presented to the Magistrate Judge for consideration, those arguments are waived. See Becker, 450 F. App'x at 439; Glidden, 386 F. App'x at 544; Murr, 200 F.3d at 902 n.1.

Even had Porter not waived the arguments she now raises in her August 31 Filing, those arguments do not specifically object to any aspect of the Report's findings of fact or conclusions of law. Porter makes general allegations about Aurora's and other Defendants' unlawful conduct, asks for the return of the subject property located at 6131 Woodstock View Drive in Millington,

4

Tennessee, and asks for other monetary relief, but Porter asks that the Report be rejected without identifying any error in the Report that warrants rejection or modification. (ECF No. 54 at 4-8.) Because Porter has failed to file specific objections to the Report, adoption of the Report is warranted. See Arn, 474 U.S. at 151.

For the foregoing reasons, the Report is ADOPTED and Aurora's Rule 12(c) Motion is GRANTED.[2]

So ordered this 7th day of June, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Porter's August 31 Filing asks for additional relief beyond asking for the Report to be modified or rejected, those requests are DENIED as moot.