```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

LOLINA PORTER,

        Plaintiff,

vs.                                         No. 10-2858-SHM-dkv

GMAC MORTGAGE LLC,
GENWORTH MORTGAGE INSURANCE,
CORP.,

        Defendants.
_____

   REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION FOR JUDGMENT
                       ON THE PLEADINGS
_____
```

Before the court is the September 7, 2017 motion of the defendant, Genworth Mortgage Insurance Corporation ("Genworth"), for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 58.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) The plaintiff Lolina Porter ("Porter") has not filed a response to this motion. Pursuant to Local Rule 12.1(b), responses to Rule 12(c) motions in civil cases are to be filed within twenty-eight days after service of the motion, and the time for responding has now expired.

For the reasons that follow, it is recommended that Genworth's motion be granted and that Porter's complaint against Genworth be dismissed for failure to state a claim upon which relief may be granted.

## I. PROPOSED FINDINGS OF FACT

Porter, a resident of Glendale, California, proceeding *pro se*, initially filed this 35-page complaint in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis. (ECF No. 1-3.) On November 29, 2010, the defendants removed it to the U.S. District Court for the Western District of Tennessee. (ECF No. 1.) In orders entered on September 9, 2011, and June 7, 2017, the court dismissed all of Porter's claims against defendant Aurora Loan Services, LLC ("Aurora"). The only remaining defendants are Genworth and GMAC Mortgage, LLC ("GMAC").[1]

In the complaint, Porter alleges (in Sections III, VII, and VIII) that the defendants through "predatory lending" wrongfully foreclosed on rental property she owned, located at 6131 Woodstock View Drive in Millington, Tennessee ("the Property"). (Compl. 2-5, 17-20, ECF No. 1-3.) She also asserts claims for "deceptive practices" (Section IV), infliction of emotional

---

[1] Pursuant to a Bankruptcy Court Order entered on February 11, 2016 by the United States Bankruptcy Court for the Southern District of New York, Porter has been ordered to voluntarily dismiss GMAC from the complaint. (*See* ECF Nos. 59, 59-1.)

2

distress (Section V), and "slander of title/slander of credit/violations of consumer protection act" (Section VI). (*Id.* at 5-11.) Porter purchased the Property in July 2005 with a loan obtained from GMAC. (*Id.* at 2.) In early 2008, Porter encountered difficulty generating rental income. (*Id.* at 3.) Porter sought to modify the loan but was unsuccessful. (*Id.* at 4-5.) In late 2008, the loan was transferred to Aurora for servicing. (*Id.* at 5.)

At some point in late 2008, Porter called Genworth, the mortgage insurance company that provided insurance to GMAC for the loan. (*Id.*) Porter alleges that Genworth staff led her to believe that they could help get her loan modified. (*Id.*) After Porter did not hear from Genworth, she called again in December 2008 and was told that Genworth could not help because the private mortgage insurance "is for the lender's benefits only and not for borrowers." (*Id.* at 5-6.)

Porter also called Aurora in an attempt to modify her loan but was ultimately unsuccessful. (*Id.* at 6-9.) Subsequently, Porter entered into a repayment agreement with Aurora. (*Id.* at 9-17.) Nevertheless, foreclosure proceedings were initiated because Aurora maintained that Porter breached the agreement. (*Id.* at 17.) The Property was foreclosed on February 4, 2010. (*Id.* at 30.) Porter alleges that in May 2010, following the foreclosure of the Property, an agent hired by Genworth visited

3

Porter at her home in California to inquire about Aurora's mortgage insurance claim. (*Id.* at 19.)

Porter sets forth two claims as to Genworth. First, under the section captioned "Wrongful Foreclosure," Porter claims that Genworth invaded her privacy "by having an agent knock[] at [her] door to solicit some confidential information without notifying [her] ahead of time in writing." (*Id.*) Although not fully clear, it appears that the agent was attempting to collect money from Porter to reimburse Genworth for its payment to Aurora on Aurora's insurance claim. (*Id.* at 20.) Second, under a claim for "deceptive practices," Porter alleges that Genworth delayed Porter's attempts to modify her loan by telling her that Genworth could get her loan modified, when, in fact, it could not. (*Id.* at 5-6.) Related to this claim, Porter further alleges that Genworth:

> ha[s] a strategy in place to participate in getting the homeowners or borrowers get lost in the process called "helping homeowners" or having employees with lack of know-how in helping customers, in which case Defendants [sic] action on plaintiff's inquiries has delayed furthermore the plaintiff's goal to get a loan modification. Instead of helping the customer who pays PMI premium of a good understanding of what the product is all about, Defendant's employees does [sic] not help in educating customers that are asking for this information.

(*Id.* at 20.) For relief as to Genworth, Porter requests proof of payments made by Genworth to Aurora pursuant to the mortgage insurance policy following the foreclosure of the Property.

4

(*Id.* at 22, 29, 31.)

## II.  ANALYSIS

A. <u>Standard for Rule 12(c) Dismissal</u>

After the pleadings are closed a party may move for judgment on the pleadings under Rule 12(c). The court shall grant the motion if the moving party is entitled to judgment as a matter of law. The standard of review applicable to motions for judgment on the pleadings is the same standard applicable to motions to dismiss for failure to state a claim. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (citation omitted). In ruling on a motion for judgment on the pleadings, the court must accept all the well-pleaded allegations of the non-moving party as true. *Rawa v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006).

In assessing whether Porter's complaint states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir.

2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for

6

her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.")

B.  Porter's Invasion-of-Privacy Claim

The only fact that Porter alleges in support of this claim is that a Genworth agent knocked at her door at her home in California "to solicit some confidential information without notifying [her] ahead of time in writing." (Compl. 19, ECF No. 1-3.)  It appears that the agent was trying to collect money from her to reimburse Genworth for its payment to Aurora on Aurora's insurance claim. (*Id.* at 20.)

In a diversity case, such as this, the court applies the choice of law rules of the forum state. *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998)(citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)); *Security Ins. Co. v. Kevin Tucker & Assoc., Inc.*, 64 F.3d 1001, 1005 (6th Cir. 1995).  In

7

personal injury actions, Tennessee adheres to the "most significant relationship" approach, which provides: "In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship." *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992). In determining which state has the most significant relationship, "contacts to be taken into account in applying these principles include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* "These contacts are to be evaluated according to their relative importance with respect to the particular issue." *Id.* Here, because Porter's alleged invasion-of-privacy injury occurred in California, the court applies California law to Porter's claim.[2]

California recognizes four categories of the tort of invasion of privacy: (1) intrusion upon seclusion; (2) public disclosure of private facts; (3) false light in the public eye; and (4) appropriation of name and likeness. *Sanchez-Scott v.*

---

[2] It has already been determined that California law applies to injuries that occurred in California. (*See* Report & Recommendation 6-7, ECF No. 53, *adopted by*, Order, ECF No. 56.)

8

*Alza Pharms.*, 86 Cal. App. 4th 365, 372 (Cal. Ct. App. 2001). The only category applicable here is intrusion upon seclusion. It consists of two elements: "(1) the intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." *Id.* (citation and internal quotation marks omitted). As to the first element, the plaintiff must show that the defendant "penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about[] the plaintiff," and that the plaintiff has "an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." *Id.* (citation and internal quotation marks omitted). "'If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law.'" *Deteresa v. Am. Broad. Cos.*, 121 F.3d 460, 465 (9th Cir. 1997)(quoting *Sanders v. Am. Broad. Cos.*, 60 Cal. Rptr. 2d 595, 598 (Cal. Ct. App. 1997)).

Taking all factual allegations as true, Porter's complaint does not plausibly set forth a claim for invasion of privacy. According to Porter, the Genworth agent did nothing beyond knocking on Porter's door. Restatement (2d) of Torts § 652B cmt. d (1977) provides:

> [T]here is no liability for knocking at the

9

> plaintiff's door, or calling him to the telephone on one occasion or even two or three, to demand payment of a debt.  It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded.

*See Sanchez-Scott,* 86 Cal. App. 4th at 372 (discussing California's adoption of Section 652B of the Restatement (2d) of Torts).  Porter does not allege such persistence and frequency by Genworth as to amount to a substantial burden.  Porter also does not allege that the agent entered her house or any other area in which Porter has an objectively reasonable expectation of privacy.  As to the second element, the agent's interference with Porter's seclusion was not so substantial as to be highly offensive to the ordinary, reasonable man.  Therefore, Porter's claim for invasion of privacy fails as a matter of law, and it is recommended that it be dismissed.

C. Porter's "Deceptive Practices" Claim

With respect to this claim, Porter only alleges that Genworth delayed her attempts to modify her loan by telling her that Genworth could get her loan modified, when, in fact, it could not.  (Compl. 5-6, ECF No. 1-3.)  Porter states that Genworth has a strategy in place to delay the homeowners' efforts to get a loan modification and does not help "in educating customers that are asking for this information." (*Id.* at 20.)

10

"Deceptive practices" is not a recognized cause of action, and thus, it is unclear what claim Porter is pursuing in her allegation that Genworth engaged in a deceptive practice.[3] In Section IX of her complaint, Porter asserts that the defendants "are guilty of false and misleading practices in violation of T.C.A. 47-18-101 et seq.," which contains the Tennessee Consumer Protection Act ("TCPA"). (Compl. 22, ECF No. 1-3.) To the extent that Porter seeks to set forth a claim against Genworth for violation of the TCPA based on this conduct, such claim fails. The TCPA protects consumers "from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-102(b); see also *Moulton v. Auto-Owners Ins.*, No. 3:11-cv-121, 2013 WL 416302, at *4 (E.D. Tenn. Feb. 1, 2013). Actions under the TCPA must be brought within one year from a person's discovery of the unlawful act or practice. Tenn. Code Ann. § 47-18-110.

Porter's claim under the TCPA is untimely. Porter claims that she first called Genworth in late 2008 and was led to believe that Genworth could help her get a loan modification. (Compl. 5, ECF No. 1.) Porter called Genworth again in December 2008, at which time Genworth informed her that it could not help with a loan modification. (*Id.* at 5-6.) Porter filed this

---

[3] The court has previously determined that "deceptive practices" is not a recognized cause of action. (*See* Report & Recommendation 5, ECF No. 53, *adopted by*, Order, ECF No. 56.)

11

complaint on October 22, 2010, almost two years after her alleged phone conversations with Genworth. Therefore, a TCPA claim based on Porter's two phone calls with Genworth is time-barred.

To the extent Porter seeks to set forth a fraud claim against Genworth, such claim also fails. The elements of a fraud claim, which are the same under both Tennessee law and California law, are: (1) the defendant made a knowingly false misrepresentation; (2) the representation was made with the intent to deceive or to induce reliance by the plaintiff; (3) the plaintiff justifiably relied on the representation; and (4) resulting damages. *See Khan v. ReconTrust Co.*, 81 F. Supp. 3d 867, 873 (N.D. Cal. 2015)(citing California law); *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008). Federal Rule of Civil Procedure 9(b) sets a heightened pleading standard for fraud and mistake claims and requires averments of fraud "be stated with particularity." Fed. R. Civ. P. 9(b).

Here, all Porter alleges is that Genworth "made [her] believe that they can help in making the loan modified." (Compl. 5, ECF No. 1-3.) This is not sufficient to plausibly allege that Genworth made a knowingly false misrepresentation with the intent to deceive Porter. Porter does not allege that Genworth guaranteed that her loan would be modified. In any

12

case, in December 2008, Genworth informed her that it could not help with the loan modification, thus correcting any alleged misrepresentation. (*Id.* at 5-6.) Porter does not allege that she relied on Genworth's alleged offer of assistance. It is also doubtful that any reliance on the alleged misrepresentation would be justifiable, as Porter was aware that her loan was transferred to Aurora in late 2008. (*See id.* at 5.) Porter also does not allege that any injury resulted from the alleged misrepresentation. The Property was foreclosed on February 4, 2010, more than one year after the alleged misrepresentation. (*Id.* at 30.) The foreclosure occurred due to Porter's interactions with Aurora and GMAC, and not because of Porter's interactions with Genworth. Porter has not pled any damages as the result of Genworth's alleged conduct. For these reasons, the court recommends that Porter's "deceptive practices" claim against Genworth be dismissed for failure to state a claim.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Genworth's motion for judgment on the pleadings be granted in full and that Porter's claims against Genworth be dismissed for failure to state a claim upon which relief can be granted

Respectfully submitted this 13th day of October, 2017.

s/ Diane K. Vescovo

                                    DIANE K. VESCOVO
                                    CHIEF UNITED STATES MAGISTRATE JUDGE


                              NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.