```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```
_____

LOLINA PORTER,

      Plaintiff,

vs.                                             No. 10-2858-SHM-dkv

GMAC MORTGAGE LLC,
GENWORTH MORTGAGE INSURANCE,
CORP.,

      Defendants.
_____

    REPORT AND RECOMMENDATION ON GMAC MORTGAGE LLC'S MOTION
               TO ENFORCE BANKRUPTCY ORDER
_____

      Before the court is the September 14, 2017 motion of the defendant, GMAC Mortgage, LLC ("GMAC"), to dismiss the plaintiff Lolina Porter's ("Porter") claims against it pursuant to an order entered on February 11, 2016 by the United States Bankruptcy Court for the Southern District of New York. (ECF No. 59.) Following a show cause hearing on October 26, 2017, GMAC filed a supplemental brief in support of its motion and Porter filed a response. (ECF Nos. 68, 69, 70.)

      This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that GMAC's motion be granted and that

Porter's claims against GMAC be dismissed.

I. PROPOSED FACTUAL AND PROCEDURAL HISTORY

Porter, a resident of Glendale, California, proceeding *pro se*, initially filed this 35-page complaint over ten years ago in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis. (ECF No. 1-3.) On November 29, 2010, the defendants removed it to the U.S. District Court for the Western District of Tennessee. (ECF No. 1.)

In the complaint, Porter alleges (in Sections III, VII, and VIII) that the defendants through "predatory lending" wrongfully foreclosed on rental property she owned, located at 6131 Woodstock View Drive in Millington, Tennessee ("the Property"). (Compl. 2-5, 17-20, ECF No. 1-3.) She also asserts claims for "deceptive practices" (Section IV), infliction of emotional distress (Section V), and "slander of title/slander of credit/violations of consumer protection act" (Section VI). (*Id.* at 5-11.) Porter purchased the Property in July 2005 with a loan obtained from GMAC. (*Id.* at 2.) In early 2008, Porter encountered difficulty generating rental income. (*Id.* at 3.) In late 2008, the loan was transferred to Aurora Loan Services, LLC ("Aurora") for servicing. (*Id.* at 5.) Porter made attempts to modify the loan but was unsuccessful. (*Id.* at 4-9.) Subsequently, Porter entered into a repayment agreement with Aurora. (*Id.* at 9-17.) Nevertheless, foreclosure proceedings

2

were initiated because Aurora maintained that Porter breached the agreement. (*Id.* at 17.) The Property was foreclosed on February 4, 2010. (*Id.* at 30.)

In orders entered on September 9, 2011, and June 7, 2017, the court dismissed all of Porter's claims against defendant Aurora. (ECF Nos. 16, 56.) On October 13, 2017, the court recommended that Porter's claims against Genworth be dismissed for failure to state a claim; the Report & Recommendation is currently pending before the presiding district court judge. (ECF No. 62.)

In its instant motion, GMAC moves to be dismissed as a party pursuant to an order entered on February 11, 2016, nearly two years ago, in the United States Bankruptcy Court for the Southern District of New York (hereinafter "Bankruptcy Court"). (ECF No. 59.) The order, which is attached to GMAC's motion, states that on May 14, 2012, Residential Capital, LLC and certain subsidiaries including GMAC (hereinafter "Residential Capital") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. (Mot. Enforce J. 7, ECF No. 59-1.) Residential Capital's Chapter 11 cases, which include Porter's case, were jointly administered. (*Id.*) On December 11, 2013, the Bankruptcy Court entered an order confirming the Chapter 11 plan proposed by Residential Capital (hereinafter "Bankruptcy Court Confirmation Order"). (*Id.*)

3

On February 11, 2016, the Bankruptcy Court entered an "Order Granting ResCap Liquidating Trust's Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order" ("Bankruptcy Court Enforcement Order"). (*Id.* at 1-3.) The Bankruptcy Court Enforcement Order requires Porter, among others, to dismiss her monetary claims against GMAC within fourteen days after entry of the order. (*Id.* at 2.) Further, it permits the Liquidating Trust to seek an order holding Porter in contempt and seek sanctions in the event Porter continues in her refusal to dismiss monetary claims against GMAC. (*Id.*) Porter has refused to dismiss her claims against GMAC. (*Id.* at 65, 70.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Judicial Notice

"[I]t is well-settled that '[f]ederal courts may take judicial notice of proceedings in other courts of record.'" *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)(citations omitted). This includes the court's authority to take judicial notice of orders issued by a bankruptcy court. *Siner v. City of Detroit*, No. 15-CV-13532, 2017 WL 1190946, at *2 (E.D. Mich. Mar. 30, 2017)(quotations omitted); *In re Hamady Bros. Food Mkts.*, 110 B.R. 815, 817 (E.D. Mich. 1990)(citation omitted).

In *Siner v. City of Detroit*, the plaintiff filed suit

against the city of Detroit in 2015 in the United States District Court for the Eastern District of Michigan, asserting violations of his constitutional rights. *Siner*, 2017 WL 1190946, at *1. The City of Detroit had filed for Chapter 9 bankruptcy in 2013. *Id.* Following the bankruptcy filing, the bankruptcy court entered an order establishing Bar Dates for preserving a law suit against the City of Detroit, and, in December 2014, affirmed the bankruptcy plan. *Id.* The plaintiff did not file a proof of claim before the Bar Date. *Id.* at *2. Thereafter, the City of Detroit filed a motion to enforce the Bar Date Order against the plaintiff, and in June 2016, the bankruptcy court judge ordered the plaintiff to dismiss his claims against the City of Detroit. *Id.* The plaintiff failed to comply with the bankruptcy court enforcement order, and the magistrate judge took judicial notice of the June 2016 bankruptcy court enforcement order and recommended dismissal. *Id.* The district court adopted the magistrate judge's report and recommendation and dismissed the plaintiff's claims against the City of Detroit. *Id.*

In this case, the Bankruptcy Court confirmed the Residential Capital's Chapter 11 plan on December 11, 2013. *See* Order Confirming Second Am. Joint Chapter 11 Plan, In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. Dec. 11, 2013), ECF No. 6065. The Chapter 11 plan provided for release of all

5

claims by any unsecured creditor who failed to file a proof of claim by the Bankruptcy Court's deadline. *See id.* at 68.[1] As in *Siner*, Residential Capital filed a motion to enforce the injunctive provisions of the plan and the confirmation order asserting that Porter did not file a proof of claim in the Chapter 11 bankruptcy. *See* Mot. to Authorize, In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. Jan. 8, 2016), ECF No. 9489. On February 11, 2016, the Bankruptcy Court granted Residential Capital's motion to enforce the injunctive provisions of the plan and ordered Porter to dismiss her monetary claims against GMAC. *See* Order Granting Rescap Liquidating Trust's Omnibus Mot. to Enforce Injunctive Provisions of Plan and Confirmation Order, In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. Feb. 11, 2016), ECF No. 9618. As in *Siner*, the court takes judicial notice of the Bankruptcy Court Confirmation and Enforcement Orders and recommends dismissal of Porter's claims pursuant to the terms of these orders.

B.  Res Judicata

Dismissal of Porter's complaint is also required by the doctrine of res judicata. While res judicata is an affirmative defense ordinarily pled in the answer, "it is now clearly

---

[1] The docket sheet in the bankruptcy court case indicates that the deadline for filing claims was November 9, 2012, over five years ago.

6

established that res judicata can also be raised by motion." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)(citations omitted). The weight of authority supports dismissal for failure to state a claim when a case is barred by the doctrine of res judicata. *See, e.g.*, *Rushford v. Firstar Bank, N.A.*, 50 F. App'x 202, 203 (6th Cir. 2002)(affirming "the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) based on the doctrine of *res judicata*"); *Thompson v. U.S. Small Bus. Admin.*, 8 F. App'x 547, 548 (6th Cir. 2001)(affirming failure-to-state-a-claim dismissal that was based on res judicata). Where the original adjudication occurred in a federal bankruptcy court, federal law governs its preclusive effect. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007).

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980)(citation omitted); *see also Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). To apply the doctrine of res judicata, four elements must be satisfied: (1) the first action must result in a final judgment on the merits by a court of competent jurisdiction; (2) the second action must involve the same parties, or their privies, as the first; (3) the second action

7

raises an issue actually litigated or which should have been litigated in the first action; and (4) an identity of the causes of action between the first and the second actions. *Kane*, 71 F.3d at 560; *see also Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

The first element is satisfied here. The United States Bankruptcy Court for the Southern District of New York is a court of competent jurisdiction. Further, the "[c]onfirmation of a plan of reorganization constitutes a final judgment in bankruptcy proceedings." *Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002)(quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)).

As to the second element, GMAC is a subsidiary of Residential Capital, LLC and was a party to the Chapter 11 bankruptcy case in the Bankruptcy Court. *See* Voluntary Pet. of GMAC Mortgage, LLC, In re Residential Capital, Case No. 12-12032 (Bankr. S.D.N.Y. May 14, 2012), ECF No. 1. As to Porter, "[i]n order to promote finality of a chapter 11 plan confirmation order, the Sixth Circuit . . . view[s] 'party' extensively." *In re SII Liquidation Co.*, No. 10-60702, 2016 WL 197570, at *6 (Bankr. N.D. Ohio Jan. 15, 2016), *aff'd sub nom. Pidcock v. Schwab*, 569 B.R. 463 (N.D. Ohio 2017)(citing *Sanders Confectionery*, 973 F.2d at 481). Thus, "not only the debtor [is] bound by a confirmation order, but also parties on the

8

periphery, including creditors and shareholders." *Id.* A creditor who has notice of the bankruptcy case "may have its claim discharged in bankruptcy in accordance with the terms of the debtor's plan." *See In re Hamilton*, 179 B.R. 749, 753 (Bankr. S.D. Ga. 1995)(citing bankruptcy court and Fifth Circuit cases)).

Porter was also a party to the Chapter 11 bankruptcy proceeding because she had notice of the bankruptcy case. The docket in the instant case reflects that on May 24, 2012, Porter was specifically notified that GMAC had filed bankruptcy in the United States Bankruptcy Court for the Southern District of New York. (Suggestion of Bankruptcy, ECF No. 33.) In fact, this case was stayed and closed administratively for almost four years until the automatic stay was lifted by the Bankruptcy Court. (ECF Nos. 35, 51.)[2]

---

[2] In her response, Porter maintains that she received the Bankruptcy Court Enforcement Order on September 22, 2017, via first class mail from GMAC. (Resp. 2, 3, ECF No. 70.) Porter's receipt of the Bankruptcy Court Enforcement Order from GMAC is inconsequential; Porter does not otherwise allege that she did not have notice of the bankruptcy proceeding or the Bankruptcy Court Confirmation order.

Further, Porter also indicates in her response to GMAC's supplemental brief that she recently filed a motion in December 2017 in the Bankruptcy Court seeking leave to file a late proof of claim and to allow Porter to continue the instant suit in this district. (ECF No. 70-1.) As discussed above, the Bankruptcy Court Confirmation Order constitutes a final judgment. *See Browning*, 283 F.3d at 772. Were the Bankruptcy Court to allow Porter to file a late claim and allow Porter to

9

To satisfy the third and fourth elements, "there must be an identity of the causes of action[,] that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Wilson v. Strickland*, 333 F. App'x 28, 30 (6th Cir. 2009)(internal quotation marks omitted)(citing *Holder v. City of Cleveland*, 287 F. App'x 468, 470-71 (6th Cir. 2008)). "Confirmation of a plan of reorganization by the bankruptcy court has the effect of a judgment by the district court and res judicata principles bar relitigation of any issues raised or that could have been raised in the confirmation proceedings." *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 463 (6th Cir. 1991); *see also In re Hamilton*, 179 B.R. at 753 ("The confirmation of a plan of reorganization or the granting of a discharge in bankruptcy has the effect of a prior judgment for purposes of res judicata.").

In determining whether claims could have been raised in bankruptcy court, the inquiry is whether the claims are "related to" the bankruptcy proceeding. *Browning*, 283 F.3d at 773; *In re SII Liquidation Co.*, 2016 WL 197570, at *7. A claim is related to a bankruptcy proceeding if "it would have an effect on the bankruptcy estate or impact the debtor's rights or liabilities." *In re SII Liquidation Co.*, 2016 WL 197570, at *7; *see also*

---

proceed in federal court, Porter can seek relief with this court at that time.

*Browning*, 283 F.3d at 733; *Sanders Confectionary*, 973 F.3d at 482.

In the instant complaint, Porter seeks two million dollars in punitive damages from GMAC alleging predatory lending, deceptive practices, and other wrongful conduct. (Compl. ¶ 46, ECF No. 1-3.) Her claims for monetary damages in this action are related to the bankruptcy proceeding because they would have affected the bankruptcy estate and they would have impacted GMAC's rights and liabilities. Porter should have raised these claims in the bankruptcy proceeding. Therefore, the Bankruptcy Court's confirmation of Residential Capital's plan of reorganization constitutes a final judgment regarding Porter's claims. *See Browning*, 283 F.3d at 772 ("[T]he bankruptcy court's confirmation of Nationwise's Plan of Reorganization constitutes a final judgment regarding NW's claims."). The court thus recommends that Porter's claims against GMAC also be dismissed pursuant to res judicata.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that GMAC's motion be granted in full and that Porter's claims against GMAC be dismissed pursuant to the Bankruptcy Court Confirmation and Enforcement orders, or, in the alternative, pursuant to the doctrine of res judicata.

Respectfully submitted this 23rd day of January, 2018.

s/ Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.