# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LOLINA PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:10-cv-2858-SHM-dkv |
| | ) |
| GMAC MORTGAGE LLC and GENWORTH MORTGAGE INSURANCE, CORP., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are two Reports and Recommendations by the Magistrate Judge. The first ("Report I"), entered on October 13, 2017, recommends that Defendant Genworth Mortgage Insurance Corporation's ("Defendant Genworth") motion for judgment on the pleadings be granted. (ECF No. 62; ECF No. 58.) Plaintiff Lolina Porter has not responded.

The second ("Report II"), entered on January 23, 2018, recommends that Defendant GMAC Mortgage, LLC's ("Defendant GMAC") motion to dismiss Plaintiff's claims against it pursuant to an order entered by the United States Bankruptcy Court for the Southern District of New York ("Motion to Dismiss") be granted. (ECF No. 71; ECF No. 59.) Plaintiff has not responded.

For the reasons below, Report I and Report II are ADOPTED. Defendant Genworth's motion for judgment on the pleadings and Defendant GMAC's Motion to Dismiss are GRANTED.

I. **Background**

On October 22, 2010, Plaintiff filed a *pro se* complaint in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis. (ECF No. 1-3.) The complaint alleges that Defendants wrongfully foreclosed on Plaintiff's rental property through "predatory lending." (Id. at 18-20.)[1] The complaint also asserts claims for deceptive practices, infliction of emotional distress, and "slander of title/slander of credit/violations of consumer protection act." (Id. at 20-26.)

On November 29, 2010, Defendants filed a Notice of Removal to this Court. (ECF No. 1.) On September 9, 2011, and on June 7, 2017, the Court entered Orders dismissing all of Plaintiff's claims against Defendant Aurora Loan Services, LLC. (ECF Nos. 16, 56.) Defendant Genworth and Defendant GMAC are the only remaining Defendants.

On September 7, 2017, Defendant Genworth filed its motion for judgment on the pleadings. (ECF No. 58; see also ECF No. 58-1.) Defendant Genworth argues that Plaintiff's claims against it "should be dismissed in their entirety" because

---

[1] Unless otherwise noted, all pin cites for record citations are to the "Page-ID" page number.

"Plaintiff fails to adequately plead a claim for 'deceptive practices,'" "fails to plead sufficient facts to support a claim of invasion of privacy," and "has alleged no damages against [Defendant] Genworth, rendering [Plaintiff's] claim moot." (ECF No. 58-1 at 650.)

On October 13, 2017, United States Magistrate Judge Diane K. Vescovo entered Report I. (ECF No. 62.) Report I recommends that "[Defendant] Genworth's motion for judgment on the pleadings be granted in full and that [Plaintiff's] claims against [Defendant] Genworth be dismissed for failure to state a claim upon which relief can be granted." (Id. at 683.)

On September 14, 2017, Defendant GMAC filed its Motion to Dismiss. (ECF No. 59; see also ECF No. 59-1.) The Motion to Dismiss asks "the Court to dismiss [GMAC] as a party with prejudice pursuant to a Bankruptcy Court Order entered on February 11, 2016 . . . in the United States Bankruptcy Court for the Southern District of New York." (ECF No. 59 at 659.) The Bankruptcy Court Order, which is attached to the Motion to Dismiss, requires Plaintiff to dismiss her monetary claims against Defendant GMAC. (ECF No. 59-1 at 663.)

On January 23, 2018, the Magistrate Judge entered Report II. (ECF No. 71.) Report II recommends "that [Defendant] GMAC's [Motion to Dismiss] be granted in full and that [Plaintiff] Porter's claims against [Defendant] GMAC be dismissed pur-

3

suant to the Bankruptcy Court Confirmation and Enforcement orders, or, in the alternative, pursuant to the doctrine of res judicata." (Id. at 749.)

**II. Analysis**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the find-

ings and rulings of the Magistrate Judge to which no specific objection is filed.  Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Plaintiff has not objected to Report I or Report II,[2] and the deadline to do so under Local Rule 72.1 has passed.  See also 28 U.S.C. § 636(b)(1)(C).  Adoption of Report I and Report II's recommendations is warranted.  See Arn, 474 U.S. at 150-51.

### III. Conclusion

For the foregoing reasons, Report I and Report II are ADOPTED. Defendant Genworth Mortgage Insurance Corporation's motion for judgment on the pleadings and Defendant GMAC Mortgage, LLC's Motion to Dismiss are GRANTED.

---

[2] On March 19, 2018, Plaintiff filed a Motion to Postpone the Implementation of Any Approved Recommendation on GMAC Mortgage LLC's Motion to Enforce Bankruptcy Order.  (ECF No. 72.)  The motion asks the Court to:

> [P]ostpone implementation of any approved court recommendations on GMAC Mortgage LLC's Motion to Enforce Bankruptcy Order until the Plaintiff has achieved the final court order from the United States Bankruptcy Court in Southern District of New York on Plaintiff's Notice of Motion For Leave to File Proof of Motion For Leave to File Proof Of Claim Out of Time and Motion to Allow Claimant to Continue to Litigate Debtor in the District Court for Non-Dischargeability Determination.

(Id. at 751-52.)  The motion appears to refer to Report II, but the motion is not "clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  To the extent Plaintiff's motion seeks to object to Report II, Plaintiff's objection is overruled.  See Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) ("[T]he district court need not provide de novo review where the objections are '[f]rivolous, conclusive or general.'" (internal quotations omitted)).

5

So ordered this 30th day of April, 2018.

        /s/ Samuel H. Mays, Jr.
        SAMUEL H. MAYS, JR.
        UNITED STATES DISTRICT JUDGE